FILED

APR 19 2022

Clerk, U.S. Courts
District Of Montana
Billings Division

**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: Colin.Rubich@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-36-BLG-SPW |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| NATHEN JEROME ADAMS, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Colin M. Rubich, Assistant United States

Attorney for the District of Montana, and the defendant, Nathen Jerome Adams,

and the defendant's attorney, Edward Werner, have agreed upon the following:

1.     **Scope:** This plea agreement is between the United States Attorney's

Office for the District of Montana and the defendant.  It does not bind any other

CMR  N.JA  EW  4/18/22
AUSA   DEF   ATTY   Date

Page 1

federal, state, or local prosecuting, administrative, or regulatory authority, or the

United States Probation Office.

2.     **Charges:**  The defendant agrees to plead guilty to the information.

The information charges the crime of possession of methamphetamine with intent

to distribute in violation of 21 U.S.C. § 841(a)(1).  This offense carries a maximum

sentence of 20 years imprisonment, a $1,000,000 fine, at least three years

supervised release, and a $100 special assessment.

3.     **Nature of the Agreement:**  The parties agree that this plea agreement

will be governed by Rule 11(c)(1)(A), Federal Rules of Criminal Procedure.  The

defendant acknowledges that the agreement will be fulfilled provided the United

States does not pursue other charges against the defendant.  The defendant

understands that if the agreement is accepted by the Court there will not be an

automatic right to withdraw the plea.

4.     **Admission of Guilt:**  The defendant will plead guilty because the

defendant is guilty of the charge contained in the information.  In pleading guilty to

the information, the defendant acknowledges that:

> **First**, the defendant knowingly possessed a substance containing a detectable amount of methamphetamine; and

> **Second**, the defendant knowingly possessed the methamphetamine with the intent to distribute it.

5.      **Forfeiture:** The defendant also agrees to abandon all right title and interest in the property described in the forfeiture allegation of the information, execute a release and waiver to that effect, and agree to the entry of an Order of Forfeiture transferring the property to the United States.

6.      **Waiver of Rights by Plea:**

(a)      The defendant is entitled to have the charge outlined in information prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)      The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c)      The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)      The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(e)      The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence.  If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify.  Or the defendant could exercise the choice to testify.

(j)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

7.     **Recommendations:**   The Parties jointly agree to that the sentence

the defendant receives in this matter will be run concurrently with the sentence for

his pending revocation in CR 15-139-BLG-SPW.  Both parties also agree the

career offender enhancement under USSG §4B1.1 is not applicable to the

guideline.  Finally, the United States will also recommend that the defendant be

given three points for acceptance of responsibility if appropriate under the

Guidelines unless the defendant is found to have obstructed justice prior to

sentencing, USSG §3C1.1, or acted in anyway inconsistent with acceptance of

responsibility.  The parties reserve the right to make any other arguments at the

time of sentencing.  The defendant understands that the Court is not bound by any

of the parties' recommendations.

8.     **Sentencing Guidelines:**  Although advisory, the parties agree that the

U.S. Sentencing Guidelines must be applied, and a calculation determined, as part

of the protocol of sentencing to determine what sentence will be reasonable.

9.     **Waiver of Appeal of the Sentence – General:**  The defendant

understands that the law provides a right to appeal and collaterally attack the

sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255.

Based on the concessions made by the United States, the defendant knowingly

waives any right to appeal or collaterally attack any aspect of the sentence,

including conditions of probation or supervised release.  This waiver includes

challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

10. **Loss of Federal Benefits:** The defendant acknowledges that, based on the plea of guilty to a federal controlled substances crime, the defendant is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

11. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

12. **Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the

Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

13. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

14. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

LEIF JOHNSON
Acting United States Attorney


COLIN M. RUBICH
Assistant U. S. Attorney
Date: 4/19/2022


NATHEN JEROME ADAMS

CWR   NJA   EW   4/18/22
AUSA   DEF   ATTY   Date

Page 8

Defendant
Date: 4-18-22

_Edward Werner_____
EDWARD WARNER
Defense Counsel
Date: 4/18/2022

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
|      | NJA | EW   | 4/18/22 |